WARREN COUNTY, Appellee, v. H. E. SLACK et al., Appellants.

**DRAINS:**  Preliminary Expense—When Engineer's Certificate Conclusive.  In the absence of fraud, the engineer's certificate as to the amount of the preliminary expense attending a rejected petition for the establishment of an inter-county drainage improvement, and the amount chargeable to each county, becomes conclusive against the principal and sureties on the bond, on the payment of the certified amount by the board of supervisors.

*Appeal from Warren District Court.*—H. S. DUGAN, Judge.

MAY 6, 1921.

REHEARING DENIED OCTOBER 1, 1921.

ACTION at law upon a drainage bond, to recover the amount of preliminary expenses incurred by the plaintiff county in a proceeding to establish a drainage district in the counties of Polk, Warren, and Marion. There was a judgment for plaintiff, and defendants appeal.—*Affirmed.*

*O. C. Brown,* for appellant.

*Berry & Watson,* for appellee.

PER CURIAM.—It is conceded that, in the year 1917, certain owners of land lying upon or along the Des Moines River in the counties of Polk, Warren, and Marion, Iowa, desiring that the course of the stream should be straightened for a considerable distance in the counties named, filed a petition therefor in the office of the auditor of each of said counties, and on or about the second day of April, 1917, in pursuance of the said project, the defendants in this action filed with the auditor of Warren County the bond on which this action is brought. Said bond was conditioned to secure payment or reimbursement to the county for the preliminary expenses incurred or to be incurred in the prosecution of said proceeding. In accordance with said petitions, the respective boards of supervisors of said counties met in joint session, provided for a preliminary survey of the proposed district, and appointed Seth Dean engineer in charge, to make a preliminary survey and report thereon to the boards. The engineer thereupon called to his assistance the necessary field men and employees, and made survey of the site of the proposed improvement. Having completed the survey, the engineer reported the costs and expenses so arising, to the amount of $2,574.98. In this connection, he made affidavit that the account of such expenditure was just, reasonable, and correct, and properly chargeable to the several counties in equal shares or parts, and that the share so chargeable to Warren County was $858.33. Additional expenses of a local character to the amount of $114.66 were also incurred, the correctness of which claims is not contested.

In April, 1918, the boards of supervisors in joint session refused to establish the proposed district, and in March of the

following year, the appellants not having made payment of any of the charges above mentioned, the county of Warren brought this action at law for their collection. On the trial, Dean, the engineer, testified to the payment to him by Warren County of the bill which he had certified. The defendants resist payment, on the theory that the auditing or certification by the engineer is not sufficient to determine or fix the liability of the county, and that payment of the expenses does not become obligatory until there is a determination "just how much of the work was done in Warren County and how much expense was created on such project in Warren County;" and this, the appellants say, has never been done. In support of this objection, evidence was offered, tending to show that the mileage of the proposed ditch or channel in Polk County was greater than in Warren, as was also the extent of the lands to be drained; and that, because of this fact, Warren County's liability for the preliminary expenses should be adjusted in like proportion.

It is true that the statute provides that such expenses shall be paid, in the first instance, by the several counties in such proportion as the work done or expense incurred in each county bears to the whole work done or expense so created; but the statute further expressly provides that these amounts "are to be determined by the engineer in charge of the work." It appears in this case that the engineer did make report to the supervisors, showing the aggregate expenses to be $2,574.98, and certifying that one third of such bill or account, amounting to $858.33, "should be paid by Polk County; one third, or $858.33, should be paid by Marion County; and one third, or $858.33, should be paid by Warren County." He further certified that bills for these amounts had then been filed in said counties. The certificate so made was verified by the affidavit of the engineer, to the effect that such accounting "is just, reasonable, and correct, and has not been paid in whole or in part, and that the same is properly chargeable to Warren County." It is further shown that the supervisors of Warren County have audited and paid the bill so certified; and, upon the face of the record, it would seem that the expenses chargeable to this county have been "determined," as the law provides. The county has accepted and approved his determination and

paid the bill so certified to the full amount, for which it now demands reimbursement from the obligors in the bond.

There is manifest good reason in confiding the determination of these expenses and their proper apportionment to the engineer. He is the one man in best position to know the truth and character of the work done and expense incurred, and he is presumably impartial and disinterested, as between the several counties. Without him or some other designated officer or person to pass upon such items, they would inevitably tend to disputes between counties; and claimants for compensation would be shuttlecocked back and forth from county to county, creating endless confusion and working a denial of justice. The court cannot say, as a matter of law, that the expenses of the preliminary work should be distributed to the counties in proportion to their several fractions of the territory in the proposed district. The statute does not so provide. It may well happen that, by reason of natural conditions, the work done and expense incurred in one county are materially greater than that which is required in some other equal or greater area in another county or neighborhood, and that, on an impartial review of all the charges incurred, an equal division of the total expense among the three counties would not be inequitable. The engineer, the person whom the law clothes with authority to make the apportionment, having done so, and the board of supervisors having accepted his determination and paid the bill, we think that, in the absence of fraud, the correctness of the certification and the propriety of its approval by the supervisors are not open to question or defense by the appellants, who have bound themselves to repay to the county the amount it has expended in reliance upon the engineer's certification.

There is neither charge nor proof of fraud. There is no question of the regularity of the proceeding to establish the proposed drainage district and as to the due appointment of the engineer; and his authority to act and to apportion the expenses between the counties is statutory. The trial court did not err in holding appellants liable upon their bond to make the county good for its expenditure in this behalf.

The judgment appealed from is—*Affirmed.*